Angelo A. Cuonzo, Esq.
**SLOWINSKI ATKINS, LLP**
Eisenhower Corporate Campus
290 W. Mt. Pleasant Ave., Ste. 2310
Livingston, New Jersey 07039-2729
(973) 740-2228
Attorneys for Plaintiff
CITGO Petroleum Corporation

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **CITGO PETROLEUM CORPORATION,** | Civil Action No. |
| Plaintiff, | |
| v. | <u>Civil Action</u> |
| **GAZ Realty, LLC,** | COMPLAINT |
| Defendant. | |

<u>COMPLAINT</u>

Plaintiff CITGO Petroleum Corporation complains against Defendant GAZ Realty, LLC, as follows:

1. Plaintiff CITGO Petroleum Corporation ("<u>CITGO</u>") is a Delaware corporation with its principal place of business at 1293 Eldridge Parkway, Houston, TX 77077-1670. CITGO is a refiner and marketer of petroleum products, including a complete line of motor fuels, oils, and other fluids for use in automobiles, trucks, and other vehicles used by the motoring public.

2. Defendant GAZ Realty, LLC ("<u>GAZ Realty</u>") is a New Jersey limited liability company with its principal place of business in Elmwood Park, New Jersey.

**Jurisdiction and Venue**

3. This Court has subject matter jurisdiction under 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338(a) because this is an action arising under the Trademark Act of 1946, as amended, 15 U.S.C. § 1051, *et seq.* (the "Lanham Act").

4. This Court also has jurisdiction over the state law claims under 28 U.S.C. § 1332, as this is a civil action between citizens of different states, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs. Additionally, this Court has supplemental jurisdiction over CITGO's state law claims under 28 U.S.C. § 1367(a) because those claims are so related to the claims providing the basis for federal subject matter jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. CITGO's state law claims are substantial and related to its federal trademark claims under 28 U.S.C. §§ 1367(a) and 1338(b).

5. Venue is proper in this jurisdiction under 28 U.S.C. §§ 1391(b)(1) and § 1391(c)(2), because the defendant resides in this judicial district, and under 28 U.S.C. § 1391(b)(2), because this is the judicial district in which a substantial part of the events or omissions giving rise to the claim occurred.

**Facts**

CITGO's Trademarks

6. Long before the acts complained of here, CITGO adopted and began using the name "CITGO," the distinctive CITGO orange-and-red trimark, and several other registered and well-recognized accompanying designs and trade names as trademarks (collectively, the "CITGO Marks") to identify its petroleum and automotive products. CITGO has continuously used the CITGO

2

Marks in connection with the manufacture, distribution, and sale of petroleum and automotive products throughout the United States and has duly registered the CITGO Marks with the United States Patent and Trademark Office.

7.  Specifically, CITGO owns the following federal trademark registrations for petroleum products and related services:

| Reg. No | Reg. Date | Product or Trade Name |
|---|---|---|
| 798,036 | 1965-10-26 | Gasoline |
| 811,940 | 1966-08-02 | Lubricating oils; Automobile service station services. |
| 836,105 | 1967-09-26 | Transportation and storage of petroleum products. |
| 844,353 | 1968-02-20 | Gasoline, lubricating oils, antifreeze, automobile services station services, etc. |
| 1,912,959 | 1995-08-22 | Gasoline and lubricants for vehicles, watercraft, industrial, domestic and farm applications |

The CITGO Marks are attached to and incorporated into this complaint as **Exhibit A**. The registrations in Exhibit A are valid, have been used continuously since their registration with the United States Patent and Trademark Office, and remain in full force and effect.

8.  Registration numbers 798,036 and 811,940 cover the name "CITGO," numbers 844,353 and 836,105 cover both the name "CITGO" and CITGO's orange-and-red trimark, and number 1,912,959 covers CITGO's trimark.

9.  Today, CITGO is engaged in interstate commerce and markets its products and services under the CITGO Marks across the United States. CITGO products include, but are not limited to, gasoline, automobile lubricants, lubricating oils, petroleum wax, automatic transmission fluid, penetrating oil, grease, cutting oil, mold release oil, antifreeze, rust inhibitor, solvent, credit

3

card services, automobile service station services, automobile lubrication services, and various articles of clothing.

10. As a result of CITGO's long-term and exclusive use of the CITGO Marks on its gasoline, oils, and other products, as well as the display and sale of these products in retail stores, the CITGO Marks have become well-known and famous to the trade and general public throughout the United States. CITGO has established extensive good will in and public recognition of the distinctive CITGO Marks as exclusive identifications of CITGO's goods and services. This good will is one of CITGO's most important assets. Customers expect that the products they purchase under the CITGO Marks will meet CITGO's quality and performance standards.

GAZ Realty and Its Unlawful Acts

11. GAZ Realty is a retailer of petroleum products, including gasoline, lubricants, oils, and fluids. Upon information and belief, GAZ Realty markets gasoline and other petroleum-related products to customers at several locations in New Jersey, New York, and Pennsylvania, including from a store located at or near 24 Highway 35 South, Eatontown, New Jersey (the "Eatontown Store").

12. CITGO does not market gasoline directly to the public. Instead, it distributes its products through a network of franchised marketers. Generally, the marketers enter into an agreement with CITGO known as a Marketer Franchise Agreement ("MFA"). Under the MFA, CITGO supplies fuel and licenses the use of its brand names and marks, including the CITGO Marks, to marketers. The motoring public buys gasoline from CITGO-branded retail locations that are owned and operated either by the marketers themselves or

else by independent owners and operators operating under a supply agreement and sublicense (including for the CITGO Marks) of the marketers.

13. GAZ Realty independently owns the Eatontown Store and was previously supplied by a CITGO marketer. CITGO has no direct contractual relationship with GAZ Realty.

14. On information and belief, the Eatontown Store has not been supplied with CITGO fuel since 2009. Nevertheless, on information and belief, the Eatontown Store has continued to remain branded with CITGO material, including the CITGO Marks, continuously since 2009.

15. Upon learning this, CITGO notified GAZ Realty through its counsel to debrand the station. GAZ Realty's counsel indicated that the station would be debranded within a short period. After the period ended, however, GAZ Realty had still not debranded the location. For example, GAZ Realty's website showed as of April 6, 2015 that the Eatontown Store was branded CITGO. The web page for the site from that date is attached to and incorporated into this complaint as **Exhibit B**.

16. Thus, GAZ Realty has been using CITGO's Marks in connection with the sale of non-CITGO products to the public.

17. GAZ Realty's use of CITGO's Marks on non-CITGO products is without CITGO's authorization or consent.

18. GAZ Realty's use of the CITGO Marks on non-CITGO products actually deceives or has the tendency to deceive a substantial segment of the public into believing that the motor fuels and/or other petroleum products so labeled are actually CITGO motor fuels or petroleum products.

19. The public is harmed by GAZ Realty's use of the CITGO Marks to sell non-CITGO products because it is being confused and deceived, incorrectly thinking that the goods sold by GAZ Realty are of the same quality as CITGO's products, or are warranted by or otherwise lawfully associated with CITGO.

20. By reason of GAZ Realty's acts, CITGO has suffered and will continue to suffer damage and injury to its business and reputation, and will sustain serious losses of revenues and profits. CITGO has already suffered monetary damages in an indeterminate amount because of GAZ Realty's unauthorized use of CITGO's Marks on non-CITGO products.

## Count I
### Trademark Infringement –
### Violation of the Lanham Act, 15 U.S.C. § 1114

21. CITGO repeats and incorporates the allegations of paragraphs 1 – 20 of this complaint as though fully alleged in this paragraph.

22. GAZ Realty's activities have caused or are likely to cause confusion, mistake, or deception products and services legitimately bearing the CITGO Marks, or to result in the belief by purchasers and others that GAZ Realty's non-CITGO products are connected with, sponsored by, or approved by CITGO.

23. GAZ Realty's use of designations identical or virtually identical to the CITGO Marks on non-CITGO products constitutes infringement of registered trademarks in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

24. On information and belief, GAZ Realty's acts have been knowing, willful, intentional, or in reckless disregard of CITGO's rights.

25. By reason of GAZ Realty's acts, CITGO has suffered and will continue to suffer damage and injury to its business and reputation, and will sustain serious losses of revenues and profits. CITGO has already suffered monetary damages in an indeterminate amount.

26. GAZ Realty's acts are greatly and irreparably damaging to CITGO and will continue to damage CITGO until enjoined by this Court. CITGO is without an adequate remedy at law.

## Count II
## False Designation of Origin and False Description – Violation of the Lanham Act, 15 U.S.C. § 1125

27. CITGO repeats and incorporates the allegations of paragraphs 1 – 26 of this complaint as though fully alleged in this paragraph.

28. GAZ Realty's acts, including but not limited to its use of designations identical or virtually identical to the CITGO Marks, tend falsely to represent non-CITGO products sold by GAZ Realty as being affiliated, connected or associated with, or sponsored or approved by, CITGO in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A).

29. GAZ Realty's use of the CITGO Marks on non-CITGO products constitutes use in commerce of false or misleading descriptions of fact in commercial advertising and promotion, which misrepresent the nature, characteristics and qualities of GAZ Realty's products in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(B).

30. On information and belief, GAZ Realty's acts have been knowing, willful, intentional, or in reckless disregard of CITGO's rights.

31. By reason of GAZ Realty's acts, CITGO has suffered and will continue to suffer damage and injury to its business and reputation, and will

sustain serious losses of revenues and profits.  CITGO has already suffered monetary damages in an indeterminate amount.

32.     GAZ Realty's acts are greatly and irreparably damaging to CITGO and will continue to damage CITGO until enjoined by this Court.  CITGO is without an adequate remedy at law.

### Count III
### Violation of
### New Jersey Consumer Fraud Act, N.J.S.A. § 56:8-2

33.     CITGO repeats and incorporates the allegations of paragraphs 1 – 32 of this complaint as though fully alleged in this paragraph.

34.     The New Jersey Consumer Fraud Act ("CFA") prohibits "[t]he act, use or employment of any unconscionable commercial practice, deception, fraud, false pretense, false promise, [or] misrepresentation . . . in connection with the sale or advertisement of any merchandise." N.J.S.A. § 56:8-2.

35.     "Merchandise" includes "any objects, wares, goods, commodities, services or anything offered, directly or indirectly to the public for sale." *Id.* § 56:8-1(c).

36.     "Person" includes "any natural person or his legal representative, partnership, corporation, company, trust, business entity or association, and any agent, employee, salesman, partner, officer, director, member, stockholder, [or] associate … thereof." *Id.* § 56:8-1(d).

37.     GAZ Realty is a "person" under the CFA and the goods it has promoted and sold constitute "merchandise."

38.     GAZ Realty's unauthorized use of the CITGO Marks on non-CITGO products constitutes an unlawful, unconscionable, and deceptive commercial practice in violation of the CFA, N.J.S.A. § 56:8-1 *et seq.*

39. The sale of non-CITGO products coupled with the unauthorized use of the CITGO Marks fraudulently misrepresented the products sold by GAZ Realty and omitted material facts with the intent that GAZ Realty's customers rely upon the misrepresentation and concealment in violation of the Act. N.J.S.A. § 56:8-2.

**Count IV**
**Violation of**
**New Jersey Fair Trade Act, N.J.S.A. § 56:4-1**

40. CITGO repeats and incorporates the allegations of paragraphs 1 – 39 of this complaint as though fully alleged in this paragraph.

41. Section 4-1 of New Jersey's Fair Trade Act provides that "[n]o merchant, firm or corporation shall appropriate for his or their own use a name, brand, trade-mark, reputation or goodwill of any maker in whose product such merchant, firm or corporation deals." N.J.S.A. § 56:4-1.

42. GAZ Realty's use of the CITGO Marks in the manner described above constitutes the use of: (1) a name, brand, trademark, reputation or goodwill; (2) a false designation of origin; and (3) a false or misleading description or representation which has caused, and unless enjoined is likely to continue to cause confusion, mistake, or deception as to the connection between CITGO and the goods sold by GAZ Realty.

43. GAZ Realty's use of the CITGO Marks in the manner described above constitutes an appropriation, for GAZ Realty's own use, of CITGO's name, brand, trademarks, reputation, and goodwill in violation of N.J.S.A. § 56:4-1.

**Count V**
**Violation of**
**New Jersey Motor Fuels Act, N.J.S.A. § 56:6-2**

44. CITGO repeats and incorporates the allegations of paragraphs 1 – 43 of this complaint as though fully alleged in this paragraph.

45. The Motor Fuels Act, N.J.S.A. § 56:6-1 *et seq.*, governs the sale of motor fuels by retail dealers in the State of New Jersey.

46. GAZ Realty is a "retail dealer" within the definition of N.J.S.A. § 56:6-1.

47. Section 6-2(g) of the Motor Fuels Act provides:

> All above-ground equipment for storing or dispensing motor fuel operated by a retail dealer shall bear, in a conspicuous place, the name or trade-mark of the product stored therein or dispensed therefrom, and no retail dealer shall permit delivery into underground or above-ground containers, tanks or equipment of any motor fuel other than the brand represented or designated by the name or trade-mark appearing on such container or dispensing equipment attached thereto.

N.J.S.A. § 56:6-2(g).

48. GAZ Realty has used CITGO's Marks in connection with non-CITGO products, and it has allowed delivery of motor fuel other than the brand represented or designated by the name or trademarks appearing on its containers or dispensing equipment, in violation of N.J.S.A. § 56:6-2.

49. By reason of GAZ Realty's acts, CITGO has suffered and will continue to suffer damage and injury to its business and reputation, and will sustain serious losses of revenues and profits.  CITGO has already suffered monetary damages in an indeterminate amount because of GAZ Realty's infringement and unauthorized use of CITGO's Marks on non-CITGO products.

### Count VI
### Unfair Competition and
### Common Law Service Mark Infringement

50. CITGO repeats and incorporates the allegations of paragraphs 1 – 49 of this complaint as though fully alleged in this paragraph.

51. The CITGO Marks used to identify CITGO products are valid, legally protectable trademarks owned by CITGO.

52. GAZ Realty's adoption and use of the CITGO Marks in connection with its sale of non-CITGO products is likely to cause confusion as to the origin of such goods and constitute acts of unfair competition.

53. Continued unauthorized use of the CITGO Marks by GAZ Realty will result in the loss of the exclusive rights and benefits that CITGO is entitled to enjoy with respect to its service marks under the common law, in addition to monetary damages.

### Count VII
### Unjust Enrichment

54. CITGO repeats and incorporates the allegations of paragraphs 1 – 53 of this complaint as though fully alleged in this paragraph.

55. GAZ Realty's adoption and use of the CITGO Marks in connection with its sale of non-CITGO products resulted in a direct benefit to GAZ Realty through revenues from sales at CITGO's expense.

56. Under the circumstances set forth in detail above, GAZ Realty has been unjustly enriched, and it would be unjust to deny CITGO recovery.

**Prayer for Relief**

WHEREFORE, CITGO prays for a judgment in its favor and against GAZ Realty that:

a) Preliminarily and permanently restrains and enjoins GAZ Realty and its officers, agents, servants, employees, attorneys, successors, assigns, and all persons in active concert or participation with any of them, individually or collectively, from:

   i. Using the CITGO Marks, or any other name or mark likely to cause confusion with the CITGO Marks, at the Eatontown Store;

   ii. Doing any other act or thing that is likely to confuse, mislead, or deceive others into believing that GAZ Realty's non-CITGO products emanate from, or are connected with, sponsored by, or approved by CITGO;

   iii. Assisting, aiding, or abetting any person or entity to engage in any of the activities prohibited in subparagraphs (i) through (ii);

b) Requires GAZ Realty to pay to CITGO:

   i. CITGO's actual damages;

   ii. Treble damages;

   iii. Any wrongful profits enjoyed by GAZ Realty enhanced as the Court deems appropriate;

   iv. CITGO's costs and attorneys' fees;

   v. Punitive damages; and

   vi. Prejudgment interest;

c) In accordance with 15 U.S.C. § 1116(a), requires GAZ Realty to file with this Court and serve on CITGO a report in writing

12

    under oath setting forth in detail the manner and form in which they have complied with the terms of any injunction entered by this Court; and

  d) Granting such other and further relief to CITGO as the Court may deem proper.

Dated: April 6, 2015        CITGO PETROLEUM CORPORATION

                By: s/ Angelo A. Cuonzo
                   A Member of the Firm

<u>Of Counsel</u>
Scott C. Solberg
ssolberg@eimerstahl.com
James W. Joseph
jjoseph@eimerstahl.com
EIMER STAHL LLP
224 South Michigan Ave.
Suite 1100
Chicago, Illinois 60604
Tel: (312) 660-7600
Fax: (312) 692-1718

Angelo A. Cuonzo
acuonzo@slowinskiatkins.com
SLOWINSKI ATKINS, LLP
Eisenhower Corporate Campus
290 W. Mt. Pleasant Ave., Ste. 2310
Livingston, NJ 07039-2729
Tel: (973) 824-0900
Fax: (973) 824-8009